IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce W., ) | Case No.: 6:24-cv-04481-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Frank Bisignano, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report" or "R&R"), under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Bruce W.[1] ("Plaintiff") brings this action under 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Frank Bisignano,[2] Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying him Disability Insurance Benefits ("DIB") under the Social Security Act ("Act").

Having carefully considered Plaintiff's objection and the applicable law, the Court affirms the decision of the Commissioner.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano as Defendant here.

1

## I.　　BACKGROUND

The Report sets forth the relevant facts and legal standards, which this Court incorporates here without a full recitation. (DE 9.)  However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

Plaintiff Bruce W. seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act. Plaintiff filed his application on January 19, 2023, alleging a disability onset date of July 29, 2016. (Tr. 196–97.) His claim was initially denied and then reconsidered. (Tr. 75–84, 87–96.) Plaintiff requested a hearing on August 28, 2023 (Tr. 128), and a hearing was conducted on January 30, 2024, via telephone before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert testified. (Tr. 38–74.)

On March 21, 2024, the ALJ issued a decision finding Plaintiff not disabled during the relevant period. (Tr. 18–37.) The Appeals Council denied review on June 26, 2024, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1–4.) Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g). (DE 1.)

In evaluating Plaintiff's claim, the ALJ determined that Plaintiff last met the insured status requirements on December 31, 2021. (DE 9 at 2.) The ALJ further found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date through the date last insured. (*Id.*) The ALJ identified the following severe impairments: SLAP tear of the right shoulder, dorsalgia, episodic migraine

headaches without aura, cervicogenic headaches, post-traumatic stress disorder (PTSD), major depressive disorder, and traumatic brain injury (TBI). (*Id.*)

Despite these impairments, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (*Id.*) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with various postural, environmental, and mental limitations, including only occasional exposure to excessive noise or bright lighting, no exposure to hazards, and limitations on social interaction and workplace changes. (*Id.* at 2–3.)

The ALJ found that Plaintiff was unable to perform his past relevant work as a field medical technician/Navy Corpsman (*id.* at 3), but based on vocational expert testimony, the ALJ concluded that Plaintiff could perform other jobs that existed in significant numbers in the national economy. (*Id.*) Accordingly, the ALJ found that Plaintiff was not disabled from July 29, 2016, through December 31, 2021. (*Id.*)

## II.     LEGAL STANDARD

The magistrate judge makes only a recommendation to this Court. The recommendation carries no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary

when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[3] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. *See Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he

---

[3] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

4

courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Administrative Law Judge ('ALJ')]." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

### III.     DISCUSSION

The sole objection raised by Plaintiff challenges the ALJ's evaluation of his severe migraine headaches in the RFC assessment. Specifically, Plaintiff argues that the ALJ's findings on absenteeism were speculative and unsupported by the medical record, that the ALJ erred in concluding Plaintiff could perform medium work given his susceptibility to migraines triggered by physical exertion, and that the Magistrate Judge erred in distinguishing *Woody v. Kijakazi*, No. 22-1437, 2023 WL 5745359 (4th Cir. Sept. 6, 2023). (DE 10 at 1–4.) Upon de novo review of the record and consideration of the parties' submissions, the Court finds Plaintiff's objections lack merit.

To begin with, Plaintiff contends that the ALJ's assessment of absenteeism—that Plaintiff would miss work "here and there" or about one day every couple of months—was not a vocationally relevant finding and amounted to impermissible speculation. (DE 10 at 2–4) (citing Tr. 29.) He also asserts that the ALJ's decision did not specify a number of days absent, despite vocational expert ("VE") testimony

5

indicating that missing more than one day per month would preclude employment. (DE 10 at 3–4.)

The record does not support Plaintiff's assertion that the ALJ's absenteeism finding was speculative. Rather, the ALJ reviewed the longitudinal medical evidence, including extensive treatment notes documenting Plaintiff's history of migraines and consistent response to Botox injections and medication. (Tr. 537, 545, 561, 587, 647, 684, 690, 717, 733, 1253–1297.) As noted in the Report, clinical findings repeatedly documented normal neurological exams, full strength, and unremarkable mental status. (Tr. 534–35, 568, 675, 1295–97.) Moreover, Plaintiff's own reports to providers acknowledged effective symptom control and active daily living, including caring for young children and experiencing substantial symptom relief from treatment. (Tr. 674–76, 1284, 1292.)

The ALJ acknowledged Plaintiff's reports of frequent migraines but found them inconsistent with medical documentation and activities of daily living. (DE 9 at 11; Tr. 26–30.) Based on this evidence, the ALJ concluded that Plaintiff would not miss more than one day every two months—a conclusion drawn from substantial evidence, not conjecture. The Court agrees with the Magistrate Judge that this determination was firmly grounded in the record and was not, as Plaintiff contends, "speculation" or "conjecture" lacking evidentiary basis. (DE 10 at 4.)

Plaintiff further objects that the ALJ's RFC assessment permitting medium work failed to adequately account for migraine triggers, particularly the exacerbation of symptoms caused by manual labor. (DE 10 at 2–3.) Plaintiff asserts that since

medium work requires frequent lifting and carrying of up to 25 pounds (20 C.F.R. § 404.1567(c)), it inherently involves manual labor, which he claims is a known trigger for his migraines. (*Id.*)

However, the ALJ reasonably found that the record did not support functional limitations inconsistent with medium work. While isolated reports in the record describe temporary symptom increases following specific exertional tasks (e.g., assembling a toddler bed or engaging in household repairs), the ALJ appropriately determined that such events did not constitute a recurring or disabling pattern of limitation. (DE 9 at 8; Tr. 689–90.) The RFC accommodated both physical and environmental limitations, including restrictions on exposure to excessive lighting, noise, temperature extremes, and workplace hazards, as well as limitations on social interaction and work pace. (DE 9 at 7; Tr. 25.) Accordingly, Plaintiff's argument conflates occasional symptom exacerbations with sustained vocational incapacity and is unpersuasive.

Plaintiff also argues that this case is analogous to *Woody v. Kijakazi*, in which the Fourth Circuit remanded because the ALJ failed to explain how migraine-related absenteeism was accounted for in the RFC. (DE 10 at 3–4.) This comparison is not on point. As correctly noted by the Magistrate Judge, *Woody* involved an ALJ who failed to address absenteeism altogether. (DE 9 at 9.) Here, the ALJ explicitly considered the potential for absenteeism and provided a reasoned, evidence-based estimate. (DE 9 at 9; Tr. 29.) This distinction is material and renders *Woody* inapplicable.

In sum, the ALJ's RFC determination is supported by substantial evidence and comports with applicable legal standards. The Magistrate Judge's Report reflects a thorough and correct application of the law to the administrative record. Plaintiff's objections do not identify any material error in fact or law warranting remand.

## IV.    CONCLUSION

For these reasons, the Court finds that the ALJ's decision is supported by substantial evidence and was reached through the application of correct legal standards. The Court further finds that the Magistrate Judge properly evaluated the administrative record and appropriately addressed Plaintiff's arguments in the Report and Recommendation.

Accordingly, it is ORDERED that Plaintiff's objections (DE 10) are OVERRULED, the Report and Recommendation (DE 9) is ADOPTED, and the Commissioner's decision is AFFIRMED.

**AND IT IS SO ORDERED.**

s/Joseph Dawson, III  
Joseph Dawson, III  
United States District Judge

Florence, South Carolina  
June 16, 2025